■ MANUEL LOPEZ, Appellant, v OTTO GERDAU Co. et al., Respondents. —In a negligence action to recover damages for personal injuries, plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Nassau County, entered November 22, 1974, which, *inter alia,* is in his favor and against the Otto Gerdau Co., upon a jury verdict. Judgment affirmed, without costs or disbursements. We hold that the trial court's charge to the jury contained a proper instruction as to the measure of damages which could be awarded. The award was within the perimeter of the evidence adduced and should not be disturbed. Appellant's remaining contentions are without merit. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Hawkins, JJ., concur.

■ FRANCISCO MARTINEZ, Respondent, et al., Plaintiff, v BURTON S. WOLLOWICK et al., Appellants, et al., Defendants.—In a medical malpractice action, the appeals, as limited by appellants' briefs, are from so much of a judgment of the Supreme Court, Kings County, entered October 16, 1975, upon a jury verdict, as is in favor of plaintiff-respondent and against appellants. Judgment affirmed, with one bill of costs to plaintiff-respondent jointly against appellants appearing separately and filing separate briefs. The evidence in the record amply supports the jury verdict. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.

■ NASSAU TRUST COMPANY, Respondent, v ROGUS CONSTRUCTION CORP. No. 2 et al., Defendants, and VINCENT G. BERGER, JR., et al., Appellants.—In an action *inter alia* upon a corporate indebtedness, defendants Vincent G. Berger, Jr., Marie Berger, Walter J. Shruntek and Agnes Shruntek appeal from (1) an order of the Supreme Court, Nassau County, dated February 5, 1976, which (a) granted plaintiff's motion for summary judgment and (b) denied their cross motion for summary judgment and (2) the judgment of the same court, entered thereon on February 27, 1976. Order modified by deleting the first, second and fourth decretal paragraphs thereof and substituting therefor a provision that plaintiff's motion for summary judgment is denied. As so modified, order affirmed. Judgment reversed. Appellants are awarded one bill of $50 costs and disbursements to cover both appeals. In recognition of the rule that a party may not act as an escrow agent (see 20 NY Jur, Escrow, § 5), and in light of the fact that the compromise agreement entered into by the plaintiff and the codefendants has not been made a part of the record, we find that there exists an issue of fact which precludes the granting of summary judgment—namely, whether full payment has, in fact, already been made on the debt. Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Hawkins, JJ., concur.